# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER JACKSON, | CASE NO. 1:05-CV-00382-AWI-SMS-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| SCC-WARDEN, et al., | |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Walter Jackson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 4, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

    B.    Summary of Plaintiff's Complaint

In his complaint, plaintiff alleges that he is being harassed verbally and in writing, and that he is being retaliated against. Plaintiff names Correctional Officer Waston, the warden of the Sierra Conservation Center, a Doe Sergeant, and a Doe Captain as defendants. Plaintiff is seeking injunctive relief and money damages.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the

2

1  deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In
2  order to state a claim for relief under section 1983, plaintiff must link each named defendant with
3  some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

4       Neither verbal harassment nor threats rise to the level of a constitutional violation.
5  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) Gaut v. Sunn, 810 F.2d 923, 925 (9th
6  Cir. 1987). However, allegations of retaliation against a prisoner's First Amendment rights to speech
7  or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527,
8  532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.
9  Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First
10 Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some
11 adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such
12 action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not
13 reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th
14 Cir. 2005).

15      Plaintiff has not alleged sufficient facts to state a claim for relief under section 1983 for
16 retaliation. However, the court will provide plaintiff with the opportunity to file an amended
17 complaint.

18      In amending his complaint, plaintiff is notified under section 1983, liability may not be
19 imposed on supervisory personnel for the actions of their employees under a theory of respondeat
20 superior. When the named defendant holds a supervisorial position, the causal link between the
21 defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley,
22 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert.
23 denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability,
24 plaintiff must allege some facts indicating that the defendant either: personally participated in the
25 alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them;
26 or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
27 constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885
28 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th

Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

### C. Conclusion

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

///

///

4

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    February 27, 2006**                         /s/ Sandra M. Snyder
icido3                                                  UNITED STATES MAGISTRATE JUDGE